RECEIVED
BY MAIL

AUG -1 2024

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| Yufan Zhang | Plaintiff(s), | |

vs.

UnitedHealth Group, and
Sujatha Duraimanickam

Defendant(s).

(Enter the full name(s) of ALL plaintiffs
and defendants in this lawsuit.  Please
attach additional sheets if necessary.)

Case No. __24-cv-3127 (JMB/DTS)__
(To be assigned by Clerk of District
Court)

DEMAND FOR JURY TRIAL
YES _X_ NO ___

## COMPLAINT

### PARTIES

1. List your name, address and telephone number.  Do the same for any additional plaintiffs.

   a. Plaintiff

      Name                ___ Yufan Zhang _____

      Street Address      ___ 166 Wilson Lake Rd _____

      County, City        ____ Iredell, Mooresville _____

      State & Zip Code    ____ NC 28117 _____

      Telephone Number    ___ (612) 615-5610 _____

2. List all defendants.  You should state the full name of the defendant, even if that defendant is
   a government agency, an organization, a corporation, or an individual.  Include the address
   where each defendant may be served.  Make sure that the defendant(s) listed below are
   identical to those contained in the above caption.


SCANNED
AUG 1 2024
U.S. DISTRICT COURT ST. PAUL

a.  Defendant No. 1

    Name        ____ UnitedHealth Group _____

    Street Address    ____ 9900 Bren Road East _____

    County, City     ____ Hennepin, Minnetonka _____

    State & Zip Code   ____ MN 55343 _____

b.  Defendant No. 2

    Name        ____ Sujatha Duraimanickam _____

    Street Address    ____ 12000 Sunset Trail _____

    County, City     ____ Hennepin, Plymouth _____

    State & Zip Code   ____ MN 55441 _____

c.  Defendant No. 3

    Name        _____

    Street Address    _____

    County, City     _____

    State & Zip Code   _____

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g., Additional Defendants 2.d., 2.e., etc.)**

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal

2

laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction?  *(check all that apply)*

   (X)  Federal Question          (X)  Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue?  List all that apply.
   Amendment XIV to the Constitution, Section 1

   Statutory Rights, 28 U.S.C. § 1331

   Enforcement of Civil Rights, such as 42 U.S.C. § 1983

   The equal protection rights under the 14th Amendment to the U.S. Constitution

   18 U.S. Code § 1001

   Federal Rule of Civil Procedure 60(b)(3)

   Equal Pay Act of 1963

   Lilly Ledbetter Fair Pay Act of 2009

   The Age Discrimination in Employment Act (ADEA)

   Federal Rules of Civil Procedure - Rule 26 (a)(1)(B), Rule 37, Rule 52, Rule 106

   Federal Rules of Evidence - Rule 301, Rule 302, Rule 403, Rule 404, Rule 801(c), Rule 802, Rule 803,

   Rule 1002, Rule 1004, Role 1007

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?  Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

   Plaintiff Name:    Yufan Zhang                State of Citizenship: North Carolina

   Defendant No. 1:  UnitedHealth Group          State of Citizenship: Minnesota

   Defendant No. 2:  Sujatha Duraimanickam       State of Citizenship: Minnesota

   **Attach additional sheets of paper as necessary and label this information as paragraph 5.**

3

**Check here if additional sheets of paper are attached.**

6. What is the basis for venue in the District of Minnesota? (*check all that apply*)

(X) Defendant(s) reside in Minnesota    (X) Facts alleged below primarily occurred in
                                            Minnesota
Other: explain: the damage to Plaintiff occurred in Minnesota and North Carolina

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered separately, beginning with number 7. Please write each single set of circumstances in a separately numbered paragraph.

7. **See attached file for the Plaintiff's Statement of Claim.**

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached: ☐**
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

WHEREFORE, the Plaintiff respectfully prays the court for the following relief:

1. That the Plaintiff requests this court to vacate, or set aside, or modify the Judgment made by this court for the case "Zhang v. UnitedHealth Group, and Sujatha Duraimanickam" (*case # 18-cv-01454-MJD-KMM*) because the Plaintiff believes the order made by this court for the case # *18-cv-01454-MJD-KMM* is based on the Defendants' defrauded statements of fact.

2. That the Plaintiff has and recovers from the Defendants, jointly and severally, a sum to be determined at trial for nominal, actual, compensatory, emotional distress, and punitive

4

damages.

3.   That the Plaintiff has and recovers from the Defendants, jointly and severally, accrued interest on all damages awarded, as provided by law.

4.   That all issues of fact be tried by a jury.

5.   That the costs of this action be taxed against the Defendants, including a reasonable award of attorney's fees pursuant to 42 U.S.C. Sec. 1988.

6.   For a restraining order requiring the Defendants to correct any incorrect or misleading information they provided to third parties regarding the Plaintiff's employment and job termination records at UnitedHealth Group.

7.   That the Plaintiff be granted such other and further relief as the Court deems just and proper.

Date:   July 28, 2024

Signature of Plaintiff _____ /s/ *Zhang* _____

Mailing Address        166 Wilson Lake Rd.

Mooresville, NC 28117

Email:                        ____ zyufan@yahoo.com _____

Telephone Number     ____ (612) 615-5610 _____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

5

Plaintiff's Statement of Claim

The harm inflicted by the defendants, causing property damage and emotional and mental distress, transpired not only within the boundaries of Minnesota but also extended to the state of North Carolina. The plaintiff's causes of action, as detailed herein, constitute civil actions seeking redress for the violation of rights, privileges, or immunities safeguarded by the Constitution and laws of the United States and the State of North Carolina. This complaint is presented pursuant to the Long-Arm Statute, invoking 42 U.S.C. 1983 and 42 U.S.C. 1985. The Court, therefore, possesses jurisdiction over the subject matter of this case.

Zhang initiated legal proceedings against UnitedHealth Group ("UnitedHealth") and Sujatha Duraimanickam ("Duraimanickam") alleging wrongful termination and age discrimination. The lawsuit, titled Zhang v. UnitedHealth, originated in Minnesota in 2017 and persisted when Zhang relocated to North Carolina in September 2021, concluding with a final docket entry on December 05, 2022. The case involves claims submitted to the Equal Employment Opportunity Commission (EEOC Case No. 444-2017-00727), the American Arbitration Association (AAA Case No. 01-19-0001-0069), the US District Court for Minnesota (Case No. 0:18-cv-01454-MJD), the Eighth Circuit Court (Case No. 21-2054), and the US Supreme Court (Case No. 22-35).

Throughout these legal proceedings, the defendants subjected the plaintiff to bullying tactics, leveraging his perceived lack of legal knowledge and litigation experience. The defendants, on one hand, seized all evidence previously held by the plaintiff, asserting that it constituted company intellectual property and the plaintiff had no right to retain or remove any company property. On the other hand, the defendants refused to disclose any evidence in their possession, citing a right against self-incrimination. The mentioned evidence is crucial in establishing claims of wrongful dismissal and age discrimination against the defendants. Furthermore, the defendants' assertion that their statements of fact were true, based on the plaintiff's inability to counter with convincing evidence, is flawed. This is compounded by the fact that the defendants themselves have taken possession of all material evidence. The defendants, through deceitful practices, concealed pertinent facts from the courts, misled the judges, and ultimately secured a court ruling in their favor. Such conduct is in violation of the plaintiff's right to equal protection under the 14th Amendment and has resulted in property losses and long-term damage to the plaintiff's mental health.

In addition, the defendants have violated the Equal Pay Act of 1963, the Lilly Ledbetter Fair Pay Act of 2009, and Section 1 of the 14th Amendment by refusing to remunerate the plaintiff for work-related compensation, including 401K match, accrued paid time off (PTO), employee stocks, etc. Despite the plaintiff's demands for payment, made in 2018, November 2022 and November 2023, UnitedHealth Group has adamantly refused. While the maximum compensation

1

may be subject to a court decision, basic work-related compensation is indisputable according to employment contract. UnitedHealth Group's refusal to fulfill these obligations is evident, as they persist in withholding any form of payment.

1 - COMPLAINT

**Allegations of Misconduct - Fraud:**

The Defendants engaged in deceitful conduct, including lying, intentionally ignoring or concealing crucial facts, providing false statements to arbitration and courts, and then obtaining favorable rulings through misrepresentation. This misconduct violates **18 U.S.C. § 1001** and infringes upon the Plaintiff's **Fourteenth Amendment right to equal protection.**

**Wrongful Termination:**

1. On November 14, 2016, UnitedHealth Group ("UnitedHealth") terminated Plaintiff Yufan Zhang ("Zhang") based on alleged Zhang's poor performance from October 24, 2016, to November 14, 2016. The termination reason, attributed to Defendant Sujatha Duraimanickam ("Duraimanickam"), was contradicted by the fact that Zhang completed all assigned tasks during this period while other team members did not. This evidence was ignored.

2. Faced with wrongful termination claims, the Defendants, rather than refuting Zhang's arguments regarding the real performance of him and his team members, attacked Zhang's earlier work with false statements. This diversionary tactic misled the judge into erroneously finding no wrongful termination.

3. The Defendants claimed their reasons for terminating Plaintiff's job were true, therefore, they had no age discrimination against the Plaintiff. However, the Defendants did not demonstrate how their reasons for terminating Plaintiff's job were true and refused to disclose any evidence to prove their claims. In addition, there is no case law to support the Defendants' opinion: *"Real reasons for dismissal" will lead to the conclusion that "there is no age discrimination".*

**Deceptive Statements and Attacks:**

1. Defendant Duraimanickam made deceptive statements during arbitration and court proceedings, attacking Zhang's work performance with lies and half-truths. Examples including, but not limited to

   - Duraimanickam claimed that Zhang failed to validate a website after the Infrastructure team created a new hostname alias, resulting in website access issues not being discovered until the next day. However, the truth is that the task of validating that website was not assigned to Zhang.
   - Duraimanickam asserted that Zhang could not complete the job of fixing "penetration testing" issues in September 2016. Contrary to this claim, the assignment for fixing those security issues was not given to Zhang until October

2

2016, after the Infrastructure team was unable to resolve the issues despite two months of effort.

- Duraimanickam alleged that Zhang lacked fundamental knowledge of the development systems used daily by her team. In reality, Zhang had originally developed those systems from scratch before Duraimanickam joined UnitedHealth, earning him the UnitedHealth 2015 "MAKE IT HAPPEN" award. As the initial system builder, Zhang undeniably possessed all the required knowledge about those systems.

2. The Defendants refused to disclose job logs and relevant evidence, violating Federal Rules of Civil Procedure Rule 26 and Rule 106. They also misapplied the Fifth Amendment to withhold material evidence and ignored rules requiring disclosure.

### Retaliation and defamation claims:

1. Defendants falsely characterized Chang's reports that Duraimanickam violated company policy as Chang damaging the reputation of Duraimanickam and his team. In fact, Zhang simply followed company policy, reported the truth, and refused to comply with Duraimanikam's wishes to lie in his report.

2. Defendants falsely claimed that Zhang had damaged the reputation of Duramanickam and his team, and misleadingly characterized Duramanickam's retaliatory behavior against Zhang as a matter of Zhang's poor job performance.

### Retaliation and defamation claims:

1. Defendants falsely characterized Zhang's reports that Duraimanickam violated company policy as Zhang damaging the reputation of Duraimanickam and his team. In fact, Zhang only simply followed company policy, reported the truth, and refused to comply with Duraimanikam's wishes to lie in his report. As a result, Zhang was retaliated against by Duramanickam.

2. The Defendants misleadingly characterized Duramanickam's retaliation against Zhang as a problem with Zhang's poor job performance, with the reason that Zhang had damaged the reputation of Duramanickam and his team.

### Withholding of Evidence:

1. Defendants refused to disclose job logs and withheld evidence, violating Federal Rules of Civil Procedure Rule 26 and Rule 106. UnitedHealth took over evidence used by Zhang, yet refused to disclose it or any relevant material evidence. The Defendants falsely asserted Zhang lacked evidence to support his claims, creating an unfair advantage.

These actions collectively constitute a violation of the Plaintiff's rights and impede the fair adjudication of the case.

2 - COMPLAINT

UnitedHealth and Duraimanickam's deceptive conduct during litigation inflicted significant mental distress upon Plaintiff Zhang. This harm persists beyond the litigation, manifesting as difficulty falling asleep, frequent unexplained anxiety about current work, apprehension when recalling time at UnitedHealth, and recurrent nightmares. The Defendants' actions contravene the Plaintiff's **Fourteenth Amendment right to equal protection under the laws**.

Violation of Federal Rules of Civil Procedure Rule 26 and Rule 106

1. The Defendants failed to provide adequate evidence to substantiate the grounds for Zhang's termination from UnitedHealth Group. Instead, they relied solely on Duraimanickam's false statements to justify the termination. Moreover, the Defendants asserted that since their termination rationale was valid, Duraimanikam's statements were inherently truthful unless the Plaintiff could present evidence refuting them. However, the Defendants had already taken possession of evidence the Plaintiff once held, rendering him unable to produce the requested proof. When the Plaintiff requested the disclosure of this evidence, the Defendants refused to comply, withholding critical information.

2. Furthermore, Defendants' argument suffers from a logical fallacy in that they assert that their reasons for dismissal were correct based solely on Duramanickam's statements and refused to disclose any material evidence even they admitted the existence of such evidence; Defendants then claim that because their reasons for dismissal were true, therefore, Duramanickam's statements were true of. This is circular reasoning.

Rather than addressing the Plaintiff's arguments directly, the Defendants opted for a strategy of attacking Zhang with falsehoods and partial truths. This personal assault inflicted enduring psychological harm on the Plaintiff, exacerbating the mental distress caused by the Defendants' deceptive conduct throughout the litigation process. Such tactics not only violate fundamental legal principles but also perpetuate the harm experienced by the Plaintiff well beyond the confines of the legal proceedings.

3 - COMPLAINT

The Defendant UnitedHealth is in breach of the employment contract between UnitedHealth and Zhang. Pursuant to UnitedHealth's Paid Time Off ("PTO") policy, employees can accrue a specified amount of paid time off over a designated period. Despite the sudden termination of Zhang's employment without prior notice, he had accrued 11 unused PTO days. In accordance with Zhang's employment contract, UnitedHealth is obligated to compensate Zhang for these accrued PTO days, irrespective of the circumstances leading to his job loss. UnitedHealth's refusal to pay Zhang for the accrued PTO days is a violation of the Equal Pay Act of 1963, the Lilly Ledbetter Fair Pay Act of 2009, and the 14th Amendment.

4

4 - COMPLAINT

According to the employment contract between UnitedHealth and Zhang, as well as the UnitedHealth Group Employee Stock Purchase Plan ("ESPP"), Zhang is entitled to purchase UnitedHealth Group Inc. stock at the lowest market price within a six-month period, plus a 15% discount. Although Zhang made the required payment, UnitedHealth breached the contract on November 14, 2016, by refusing to sell the company's stocks to Zhang. Under the Equal Pay Act of 1963, the Lilly Ledbetter Fair Pay Act of 2009, and the 14th Amendment, UnitedHealth is obligated to honor its stock trading contract.

5 - COMPLAINT

According to the employment contract between UnitedHealth and Zhang and the UnitedHealth Group Retirement Plan, UnitedHealth is obliged to match Zhang's 401K contribution up to 4.5% of his annual income. However, UnitedHealth is refusing to make any contribution to match Zhang's 401K. In violation of the Equal Pay Act of 1963, the Lilly Ledbetter Fair Pay Act of 2009, and the 14th Amendment, UnitedHealth is obligated to fulfill its commitment to contribute to Zhang's 401K account up to 4.5% of Zhang's entire income earned at UnitedHealth.

6 - COMPLAINT

Defendant UnitedHealth Group failed to adhere to fair due process in its investigation of Sujatha Duraimanickam's factual statements about Zhang's work performance, leading to the wrongful termination of Plaintiff Zhang's job based on Duraimanickam's falsehoods.

Zhang informed UnitedHealth that all his dispute claims could be substantiated by evidence in the company's daily job management system. He requested UnitedHealth to retrieve this evidence to disprove Duraimanickam's statements, but the company refused to investigate any direct evidence or job logs. Instead, the Defendants utilized logical fallacies in their court responses for misdirection, ultimately securing a judgment in their favor. This misrepresentation violates 18 U.S.C. § 1001, infringing not only on the Plaintiff's right under the Fourteenth Amendment to equal protection but also causing enduring harm to the plaintiff's mental health.